We'll move now to our final case of the morning. This is Appeal No. 19-1135, United States v. Dodds. Mr. Hillis. Haven't I seen you before someplace? You look familiar. How are you, Judge? Good morning again. Daniel Host with the Federal Public Defender's Office, and I represent Mr. Dodds on this appeal. This is a familiar subject, and we have a sort of newish problem post-Flores. We filed our brief before the Flores case came out. The Flores case now presents a considerable waiver problem for us, but we think that Flores is having to give way to other precedent in this case, the Barnes decision, for instance. I think Barnes is important because it highlights the differences between when we should find waiver and when we shouldn't. And so Barnes says correctly that waiver must be construed liberally in favor of a defendant, and it looks and demonstrates where we have in Flores a focus on, I would call it, passive actions by a defendant that result in waiver, and in Barnes, where the court correctly focuses on active decisions and determinations by a defendant as part of the sentencing strategy to result in waiver. In Flores, the passive activity results in waiver and, in our view, shouldn't, and in Barnes, the lack of active efforts by a defendant to focus on something where we have a pointed litigation strategy at sentencing, that is the correct route to look at for when there is waiver and when there isn't. And so I think that there continues to be a big disconnect between the Circa authority on waiver when we find it, when we don't, and maybe it's continuing to be applied in sort of disfavored claim status, which perhaps supervised release is. I'll tell you, how long do you read the fact that Flores was circulated under our internal rule 40E to the full court, right? And so is it not fair for the court to read Flores as the new direction, if you will? I totally understand. You've been very clear and articulate that that's not the way to go, in your view. But after Flores, isn't that the direction we should heed to? Well, if it is, Judge, then first of all, I find Flores to be an unfortunate departure from settled waiver authority, and I think it's inconsistent with that benchmark that we have in Barnes and Supreme Court authority about liberally constraining waiver in a defendant's favor. So I would say, first of all, Flores is wrongly decided. But am I to lose on that? And that's fine. Then I think that we need to start saying overruling Barnes and overruling. And so if it's implicit in Flores that it is, I think that it would have been wise for Flores to account for that other circuit precedent. And it sort of rounds them up loosely and says we know that we've not spoken with a clear voice, essentially, right? That's what Flores says. But Flores is really not doing an adequate job reconciling what it is, when we have waiver and when we don't. I find Barnes to be much more persuasive, analytically, to say what circumstances do we have that establish waiver and those that we don't? And so Barnes is 2018, Flores is 2019, and I don't know that the direction of the court has changed so much within that period of time. It would seem that authorship is the principal fact. And if it was something that Flores had cited Barnes, I guess I would feel constrained to rely on Barnes. But I continue to read circuit authority on this, Supreme Court authority, try to find out where waiver is, and I can find it mostly by saying, what type of claim are you advancing on your appeal? And that's not a great way to go about things, in my view. But I recognize that I am in a hole on that, Judge Scudder. So there's Flores, there's Chater, there's Barnes, and there's other authority on this. I hear you. I mean, your position is crystal clear. I get it. So if I may move then, I mean, I'll just cite that. So if we have waiver, we have got, then I would say, a Davis problem. Under vagueness, we've got waiver has the effect of law. You go back to prison if you violate this condition. And so under Davis, we would say a vague law is no law at all, except for supervised release. Then it's good still. So off to the pokey. And I don't think, again, that's a fair thing to do for a criminal defendant. You need to be put on notice, and the notice has to be adequate, and if not, when there's things like jurisdiction, risk to others, community service, access to personal information. I would say check the boxes. Vague, vague, vague, and vague. So if those things don't tell somebody what they're supposed to do, you have a problem under Davis that the vague condition is no law. That's the analogy that I'd make under the Supreme Court's recent decision in Davis. So to go beyond all of that, we lose all of those conditions. We can't prevail on any of those challenges. We'd still then have a problem that I think should result in a remand here, because we've got a substantive error, and it's hard to show substantive unreasonableness, but we've got procedural and substantive error here with regard to the remaining conditions. Let's start with the sex offender condition. This sex offender condition is supposed to be reserved for sex offenders. So discretionary condition number 23 is the second of two search conditions that are imposed in this case. So the one is the rank-and-file search condition on reasonable suspicion. No problem. Go ahead and apply that one. But we've got then the stepped-up effort to have a second condition. In my view, that's two conditions for one purpose, and that's one condition too many. So if we are to restrict the limitations that are especially necessary, the one condition does the trick. When we are now into sex offender conditions that are being imposed on people who are not sex offenders, that's a big problem under FARMR. And I would say also under the statute, 18 U.S.C. 3583 D.2 and 3 are both problems here, because this is a greater than necessary deprivation of somebody's rights and liberties. And also, this is inconsistent with what the Sentencing Commission says, because the Commission says impose this condition for sex offenders under 5 D.1.3 D.7c. My client's not one. You're talking about 23 now in particular? Yes. I got it. That discretionary condition. So we think that is also a problem. And then we're winding our way down here to the remaining conditions which concern excessive alcohol use. And so we would say that excessive alcohol use is fine, so long as you define what excessive means. And some people can drink more than others, and the judge can limit what your consumption would be. I find it arbitrary to say that excessive means the limit of where you can operate a vehicle subject to impairment when it's not a vehicle that's an issue for your operation and things. If you're above .08 in your house, I don't get that connection. But at least it's knowable, and you would have some statement from the court. And then here, the District Court did say that the .08 is the definition for excessive use of alcohol. If you're above that threshold, you're in violation of the condition. But the problem is under Albury, Johnson, those cases, Hudson, the oral pronouncement controls, and yet the judgment form, if you look at appendix page 42, doesn't have the appropriate box check to show what the definition is. And so we need at least to conform the written judgment to the oral pronouncement, and that's a very simple reason to remand. Remand would be appropriate here. I would say if we're going to go through the trouble to remand to fix that condition, that it would be appropriate also to correct the other conditions, tell the guy what the jurisdiction is, do the other things that we're supposed to be doing so the person has clear notice. These are not insubstantial rights. Again, people go back to prison if there's a revocation under 18 U.S.C. 3583 E3, and really, we are littering judgments with conditions. And if you had about four conditions, one of them that says commit no additional crimes, we would probably shorten this process up, make this much more clear, and this is a difference between probation and supervised release again. People who are on probation and are released early from prison or parole rather, released early from prison, or people who get probation, are at conditional liberty, people who are supervised release serve the entirety of their sentence, and then come out and get this thing that's like cheap probation or parole for the governor because the person doesn't get out of prison early but is subject to all these same limitations and gets sent back to prison on a preponderance of the evidence standard for violating vague conditions that we take issue with. Thank you. Thank you, Mr. Hillis. We'll now move to Ms. Kulinski. Thank you, and good morning. May it please the court, I am Jill Kulinski on behalf of the United States. So the judgment of the district court should be affirmed because the defendant waived review of all the conditions of supervised release challenged here except for that search condition. He was given notice of the conditions because they were included in the PSR which was filed four months before sentencing. He failed to challenge any of those conditions either in his sentencing memorandum or during the sentencing hearing where he was presented with the opportunity to object to them. His attorney was asked directly if there was any objection. He said no. He did not object to the search condition which is evidence that, I'm sorry, he did object to the search condition which is evidence that that waiver was a knowing waiver of all the rest of the conditions. As far as Barnes which was raised by counsel goes, this was a targeted strategy on behalf of counsel to not object to the majority of those conditions. He specifically indicated in his sentencing memo that prison time was not necessary because he would be subjected to supervised release conditions and probation conditions which would be enough of a deterrent to future conduct. So I'd like to turn to the search condition which was not in fact waived. The search condition, although there is a note that it should be applied to sex offenders, this court has allowed that condition in other cases including drug cases and fraud cases. And this particular condition under these particular facts is narrowly tailored to these particular facts. The defendant was, I'm sorry, the court was motivated by the defendant's hidden, the hidden aspects of his fraud. So even at sentencing, the defendant is calling this power of attorney he has over his disabled brother a power of attorney when in fact it was a fraudulent power of attorney. His brother stated to the pre-trial, or I'm sorry, the probation officer that he hadn't seen his brother in 20 years. So the court is just giving probation the tools it needs to actually make sure that the defendant is complying with those conditions. The probation officer, the search must be in fact done by a probation officer. The probation officer needs reasonable suspicion that the defendant, or Mr. Dodds, is violating a condition of his supervised release and that he is only able to search those items which he believes contain evidence of a violation of those conditions. So it is unlike the typical 3563B23 search condition which allows almost an unfettered search of the defendant's house for evidence of a violation of those conditions. As far as the alcohol condition being vague, it is a Scribner's error and that can be does wish for the other conditions to be amended. The government doesn't take a position on whether that's done through an amendment or a limited remand. And if there are no questions, I'll just ask that the judgment of the circuit court be affirmed. Thank you Ms. Galinsky. Mr. Hillis will recognize you for rebuttal. I don't think that we can or should affirm when we know that there's a condition whose oral pronouncement differs from the written judgment. So I think that there should be a remand most definitely under Albury, Johnson, and Hudson. As regarding the search condition that was expressly disallowed in Farmer, it would be inconsistent with this precedent to allow it here now. We have a search condition that can take care of all the concerns of the government elaborated on here if the government hasn't waived its argument on that because we think it's a waiver of waiver for the reasons we presented in the brief. But the condition shouldn't be imposed in any case on somebody who's not a sex offender and my client isn't. We have the other search condition which I haven't heard anything from the government to say that condition isn't adequate in and of itself to protect all of the government interests. I read the papers correctly. Everybody's a sex offender. Yeah I guess it depends on what you read but the worry should be limited though judge for the condition to apply apply it to the right group of people. Defining a sex offender is a little difficult. No it seems it's a matter of just looking for one or defining what one is and you might get one but that's a different matter. And then of course there can finally I may have said it already but there cannot be a waiver on the excessive alcohol because again the oral pronouncement differs from the written judgment. I have nothing further. Thank you. Thank you Ms. Schillos. Thank you Ms. Galinsky. The case will be taken under advisement and that will complete the court's hearings this